[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION
Because the original decree in this case was issued by a Massachusetts court, the law of that state applies to this motion. It is, therefore, necessary for this court to find that there has been a "material and substantial change in circumstances" in order to grant the plaintiff's motion.
The plaintiff points to the increase in the defendant's income as a sufficient basis for such a conclusion. The court disagrees.
Though his gross income increased by $195.20 (per financial affidavit) or $225.88, if we accept the plaintiff's computation, the court must look to more than gross income to reach the conclusion urged by the plaintiff.
The original decree was issued on April 30, 1986. Therefore, this increase in income spans almost a 5 year period. During the CT Page 1494 same period, his expenses increased $241.88, in excess of his income increment. His assets in 1986 totalled $34,122.00. He presently shows assets of $11,326.00, and whereas he was virtually debt free in 1986, his present liabilities total $13,945.00.
This comparison does not reflect the type of "change in circumstances" contemplated by the Massachusetts statute. The court notes that at the time of the issuance of the decree, the plaintiff was a student and had no income. (The court does not have a 1986 affidavit from her). At this time, she reports gross income of $1125.00 a week. Her affidavit suggests a status and life style substantially more secure and comfortable than the defendant.
It is also noted that the Massachusetts guide lines applicable to child support allow for those situations where the court finds that application of the guide lines would be unjust or inappropriate.
The court has also examined this case in the alternative. Setting aside the issue of a change of circumstances, and considering the case in light of all the facts available, the court concludes that applying the guide lines in this case would be unjust and inappropriate.
The motion to modify in accordance with the support guide lines is denied.
ANTHONY V. DeMAYO, JUDGE